Paul Connaghan, Esq.
NV Bar No. 3229
Tara Newbery, Esq.
NV Bar No. 10696
Connaghan | Newberry
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 608-4232
Facsimile: (702) 946-1830
pconnaghan@cnlawlv.com
tnewberry@cnlawlv.com

Danny J. Horen, Esq.
NV Bar No. 13153
Spartan Law, LLC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: 702.625.1539
Facsimile: 702.548.4459
danny@spartanlaw.us

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **SARI ZAGORSKI, Individually and On Behalf of All Others Similarly Situated,** | Case No.: |
| Plaintiff, | **[CLASS ACTION]** |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.; AND THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.** |
| **FOCUS RECEIVABLES MANAGEMENT, LLC,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

///

///

///

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. SARI ZAGORSKI ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FOCUS RECEIVABLES MANAGEMENT, LLC ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The actions alleged herein to have been undertaken by any and all Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the

defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to

1

protect consumers against debt collection abuses

2

## JURISDICTION AND VENUE

3
4

8. This Court has federal question jurisdiction because this case arises out of

5

violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*,

6

132 S. Ct. 740 (2012). Supplemental jurisdiction for any and all state law

7

claims and allegations exists pursuant to 28 U.S.C. § 1367.

8
9

9. Venue is proper in the United States District Court for the District of Nevada

10

pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark

11

County, the State of Nevada and Defendant is subject to personal

12
13

jurisdiction in the County of Clark, State of Nevada as they conduct business

14

there, and the conduct giving rise to this action took place in Nevada.

15

Further, Defendant is registered with the Nevada Secretary of State as a

16
17

foreign limited liability company, with a registered agent of service in Las

18

Vegas, Nevada.

19

## PARTIES

20

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of

21
22

Clark County, State of Nevada. Plaintiff is, and at all times mentioned herein

23

was, a "person" as defined by 47 U.S.C. § 153 (39).

24

11. Plaintiff is also a natural person from whom a debt collector sought to

25
26

collect a consumer debt which was due and owing or alleged to be due and

27

owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is

28

defined by 15 U.S.C. § 1692a(3).

---

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, debt collector offering collection services for alleged consumer debts in various industries.  Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendant is and at all times mentioned herein was, a limited liability company and is a "person," as defined by 47 U.S.C. § 153i(39).

### DEFENDANT VIOLATES THE TCPA

14. Sometime on or before October 2015, Defendant acquired, purchased, or was assigned an alleged debt allegedly owed by Plaintiff.

15. Plaintiff takes no position as to the validity of the alleged debt for which Defendant called.

16. Beginning on or about October 2015, Defendant or its agent/s began contacting Plaintiff on her cellular telephone numbers ending in 6674 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A). The calls continued into 2016.

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. On or about October 15, 2015, Defendant used an ATDS to contact Plaintiff on her cellular telephone number ending in 6674.

19. In attempt to collect the alleged debt, Defendant repeatedly contacted Plaintiff on her cellular telephone number ending 6674 using an ATDS and/or an automated voice message and/or prerecorded messages.

20. At no time did Plaintiff enter into a business relationship with Defendant.

21. At no time did Plaintiff provide her cellular phone number to Defendant through any medium.

22. Defendant placed approximately 16 collection calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

23. Upon information and belief, the purpose of these calls from Defendant or its agent/s was to collect an alleged debt for surrounding a debt that was previously discharged in Plaintiff's Bankruptcy.

24. The telephone number Defendant or its agent/s called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. These telephone calls from Defendant to Plaintiff's cellular telephone were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Plaintiff did not provide Defendant prior express consent to receive calls to their cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. These telephone calls by Defendant or its agent(s), violated 47 U.S.C. § 227(b)(1).

## TCPA CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class

members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

32. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's and/or its agent's records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a)   Whether, within the four years prior to the filing of the Complaint, Defendant or its agents made any call or sent any artificial or prerecorded voice message to the Class (other than a message made for emergency purposes or made with the prior express consent of the

called party) or used any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether, within the four years prior to the filing of the Complaint, Defendant or its agents made any call or sent any artificial or prerecorded voice message to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

c)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d)   Whether Defendant and its agent/s should be enjoined from engaging in such conduct in the future.

35.   As a person that received at least one autodialed, prerecorded message call utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no interests antagonistic to any member of the Class.

36.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy

1
2
3
4

and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

5
6

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

7
8
9
10
11
12
13
14
15
16
17

38. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and Nevada law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

18
19
20
21

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

22

**Defendant Violates the FDCPA**

23
24
25

40. Defendant's collection calls to Plaintiff's cellular telephone were "communications" as defined in 15 U.S.C. § 1692(a)(2).

26
27
28

41. The alleged debt is regarding personal living expenses, which is money, property or their equivalent, due or owing or alleged to be due or owing

from a natural person by reason of a consumer credit transaction.  Because this alleged debt is for personal living expenses, which is primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

42. On or about August 7, 1015, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 15-14542-led (the "Bankruptcy").

43. The alleged debt was not declared "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

44. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending. Yet the collection calls began and continued throughout Plaintiff's Bankruptcy and even after the Bankruptcy discharge.

45. On or about November 12, 2015, Plaintiff received a Bankruptcy discharge.

46. Defendant's subsequent post-discharge attempts to collect the alleged debt from Plaintiff were therefore unlawful under the FDCPA.

47. By placing calls attempting to collect an alleged debt that was previously discharged through Plaintiff's Bankruptcy, Defendant violated 15 U.S.C. § 1692e by using deceptive and misleading means to collect Plaintiff's alleged debt.

48. Defendant's attempt to collect an alleged debt that was previously discharged through Plaintiff's Bankruptcy violated 15 U.S.C. § 1692e(2) by mischaracterizing the amount allegedly owed.

49. Defendant's attempt to collect an alleged debt that was previously discharged through Plaintiff's Bankruptcy violated 15 U.S.C. § 1692e(10) by using deceptive means to collect the alleged debt.

50. Furthermore, Defendant's attempt to collect an alleged debt that was previously discharged through Plaintiff's Bankruptcy violated 15 U.S.C. § 1692f by using unconscionable means to collect the alleged debt.

51. Defendant's attempt to collect an alleged debt that was previously discharged through Plaintiff's Bankruptcy was an attempt to collect an amount of money that Defendant was not entitled to, and Defendant therefore violated 15 U.S.C. § 1692f(1).

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATION OF THE TCPA**
**47 U.S.C. § 227 ET SEQ.**

• As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

- An award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- Any other relief the Court may deem just and proper.

///

///

///

///

**TRIAL BY JURY**

63. Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: March 31, 2016                           Respectfully submitted,

                                        BY: /s/ DANNY J. HOREN
                                            DANNY J. HOREN, ESQ.
                                            ATTORNEY FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**